# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| HEZEKIAH ISAIAH ISRAEL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-102-PRC |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DE 10], filed by Defendants United States of America, United States Attorney for the Northern District of Indiana David A. Capp, and United States Secretary of Education John King, Jr. on June 20, 2016.

## PROCEDURAL BACKGROUND

On March 22, 2016, Plaintiff Hezekiah Isaiah Israel, pro se, filed a Complaint. In the title of the Complaint, only the United States is listed as a defendant. In the text of the Complaint, only Capp and King are named as defendants.

In the Complaint, Israel makes the following factual allegations. Israel's religious beliefs prevent him from speaking the names of "pagan false gods and idols." As a result, Israel refuses to speak the names of the days of the week; the names of the months January, February, March, May, and June; and certain objects in space, such as the planets Mars and Jupiter because their names are derived from the names of gods. The United States has a "custom and usage" of the Gregorian Calendar, which was created by a religious leader and does not start the year "at the proper time in accordance with the spring season." (Compl. 2, ECF No. 1) Public schools in the United States teach children in elementary school the days of the week, the Gregorian Calendar, and the names of objects in space. As a result of teaching children these things, American society has adopted the

names of days, months, and planets that Israel does not speak aloud for religious reasons. Because of Israel's refusal to speak the names of certain months, he was denied an eviction order in a Lake County, Indiana, Superior Court case. Also, Israel's refusal to speak the names of days or months "has caused Plaintiff's associates opportunity for misunderstanding in the scheduling of appointments."

Israel contends that his rights under the First Amendment and Section 1983 of Chapter 42 of the United States Code have been violated "because the custom and usage of these names creates a respect, or giving of credit, to a particular pagan false god and idol."

In the prayer for relief, Israel asks the Court to order all United States Government agencies, departments, and public schools to (1) eliminate the law, ordinance, custom, usage, and teaching of the Gregorian Calendar and the currently used names of the days of the week, months, and planets; (2) adopt a custom of referring to months and days by their numerical position; and (3) establish a calendar that begins at the spring Equilux. Israel also asks the Court to order the United States Department of Education to assist public schools in implementing these changes.

Defendants filed the instant Motion to Dismiss on June 20, 2016. Israel filed a response on July 6, 2016. Defendants filed a reply on July 12, 2016.

## ANALYSIS

### A. Defendants Capp and King

Federal Rule of Civil Procedure 10 mandates that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Because the title of the Complaint lists "United States" as the sole defendant, the Court dismisses without prejudice all claims against Capp and King. Additionally, the Court notes that the analysis below dismissing Israel's Complaint for lack of standing as to the

United States would also apply to the same claims as to Capp and King had Israel named Capp and King in the title of the Complaint.

## B. Defendant United States of America

The United States seeks dismissal of Israel's Complaint for lack of standing and for failure to state a claim upon which relief can be granted. A challenge to standing is properly brought under Rule 12(b)(1) for a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Because it goes to the Court's authority to decide this case, the Court begins its analysis with the issue of standing.

The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the motion to dismiss stage, factual allegations that, if true, establish standing are sufficient to survive a challenge to standing. *Id.*; *see also Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968 (7th Cir. 2016). "[T]he *Twombly-Iqbal* facial plausibility requirement for pleading a claim is incorporated into the standard for pleading subject matter jurisdiction." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.") (quoting

*Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To establish Article III standing, a plaintiff must allege an injury that is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). In addition to the constitutional limits on standing, there are also prudential limits on standing, including that, generally, when a plaintiff asserts a generalized grievance shared by a large class of citizens, an exercise of jurisdiction is not warranted. *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688-89 (7th Cir. 2015). If the Court determines that a plaintiff lacks standing to bring a claim, then the claim is dismissed without prejudice because the Court lacks jurisdiction to adjudicate that claim. *Ramsay v. Mayer*, 420 F. App'x 586, 588 (7h Cir. 2011).

Construing Israel's Complaint liberally in light of his status as a pro se litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Israel brings claims under the First Amendment and 42 U.S.C. § 1983 against the United States based upon the following alleged harms: (1) the Lake County, Indiana, Superior Court refused to enter an eviction order in Israel's favor, (2) Israel's associates have the opportunity to misunderstand Israel in scheduling appointments, and (3) the custom and use of the names of the days of the week, certain months, and planets gives respect or credit to pagan gods. The Court will address each alleged harm in turn.

*1.    State Court Decision*

First, Israel brings claims based on a Lake County, Indiana, Superior Court decision to not enter an eviction order in Israel's favor and to dismiss his case. The relief Israel seeks is entirely injunctive in nature. In order to establish injury in fact when a plaintiff seeks prospective injunctive relief, the plaintiff "must allege a 'real and immediate' threat of future violations of [his] rights."

4

*Scherr*, 703 F.3d at 1073 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)); *see also Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010). Thus, the "threatened injury must be *certainly impending* to constitute injury in fact" and "[a]llegations of *possible* future injury are not sufficient." *Clapper*, 133 S.Ct. at 1147 (internal quotation marks and citations omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

Israel's allegations regarding the state court decision to not enter an eviction order in Israel's favor fall far short of alleging a threat of future violation of his rights. There is no indication that Israel has any pending matters before that court or even that he is likely to litigate matters there in the future. Israel also does not allege that he is likely to receive future unfavorable judicial decisions from any other court due to his religious beliefs and practices. Because Israel has not alleged a real and immediate threat of future violations of his rights, the First Amendment and § 1983 claims regarding the Lake County, Indiana, Superior Court decision are dismissed for lack of standing.

*2. Appointments*

Next, Israel alleges harm regarding scheduling appointments. Again, the Court turns to the injury in fact prong of standing. "[A] plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *Silha*, 807 F.3d at 174 (quoting *McNamara v. City of Chic.*, 138 F.3d 1219, 1221 (7th Cir. 1998)). Despite this, injury in fact does not have to be in the form of economic harm. *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 686-87 (1973). Further, an "insubstantial" injury or "an identifiable trifle" is sufficient to meet the injury in fact requirement. *Sierra Club v.*

5

*Franklin Cty. Power of Illinois, LLC*, 546 F.3d 918, 925 (7th Cir. 2008). Still, a plaintiff must establish some injury in order to establish standing.

Regarding the scheduling of appointments, Israel fails to allege injury in fact. His complaint only alleges that Israel "[n]ot speaking the names of the days of the week or months of the year has caused Plaintiff's associates opportunity for misunderstanding in the scheduling of appointments on certain days of the week." (Compl. 3, ECF No. 1). The harm alleged is not to Israel but to his associates,[1] and the allegation is merely an "opportunity for misunderstanding." Notably, Israel does not allege that there was, in fact, any misunderstanding. Israel does not allege that any loss of something of value—whether economic or noneconomic—actually occurred. Israel has failed to allege any injury in fact regarding the scheduling of appointments. The Court dismisses Israel's First Amendment and § 1983 claims based upon this grievance for lack of standing.

3.   *Creation of Respect*

Finally, because Israel is proceeding pro se, the Court construes his statement that "the custom and usage of these names creates a respect, or giving of credit, to a particular pagan false god and idol" as a third allegation of harm. As a matter of prudential standing, in general, a plaintiff does not have standing to sue based on a generalized opposition to government action that affects all citizens equally. *Dunnet Bay Const. Co.*, 799 F.3d at 689 (7th Cir. 2015) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). There is a narrow exception for cases where a taxpayer plaintiff challenges

---

[1] The principle that an individual generally may not assert the interest of a third party to challenge government action is a matter of prudential—not constitutional—standing. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Because the United States made no argument on this point the Court will not address whether Israel's claim would withstand a challenge on this ground.

federal tax expenditures as exceeding Congress's power to tax and spend as limited by the Establishment Clause. *See Flast v. Cohen*, 392 U.S. 83, 105 (1968). This exception does not apply because Israel is not challenging any federal expenditure. Israel brings a generalized grievance, and the requested relief will provide no particular benefit to Israel in comparison to the public at large. Israel has not established standing to bring this generalized grievance. Accordingly, the Court dismisses Israel's First Amendment and § 1983 claims regarding this grievance.

Because Israel has failed to establish standing to bring his claims, the Court does not address the United States' argument that the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss [DE 10]. The Court **ORDERS** that this case is **DISMISSED without prejudice**.

SO ORDERED this 17th day of November, 2016.

                                         s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT

cc:      Plaintiff Hezekiah Isaiah Israel, pro se